# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

PERRY HAMILTON,
　　　　　　*Defendant-Appellant.*

No. 00-4887

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CR-00-190-S)

Submitted: July 31, 2001

Decided: August 27, 2001

Before WIDENER, WILLIAMS, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

James Wyda, Federal Public Defender, Denise C. Barrett, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Stephen M. Schenning, United States Attorney, A. David Copperthite, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Perry Hamilton was convicted by a jury of being a felon in possession of a firearm, 18 U.S.C.A. § 922(g)(1) (West 2000), and sentenced to a term of fifty-one months imprisonment. He appeals his sentence, alleging that the district court erred in counting his juvenile adjudications in his criminal history score under *U.S. Sentencing Guidelines Manual* § 4A1.2(d)(2) (2000). We affirm.

Hamilton did not contest his criminal history calculation in the district court. On appeal, he argues for the first time that the Sentencing Commission exceeded its mandate and acted irrationally when it created USSG § 4A1.2(d)(2), which he contends violates the Equal Protection Clause. Because Hamilton failed to raise the issue he presents here in the district court, we review only for plain error. *United States v. Olano*, 507 U.S. 725, 731-32 (1993) (to afford relief for unpreserved error, reviewing court must find an error, which is plain, which affects substantial rights, and which seriously affects the fairness, integrity, or public reputation of judicial proceedings).

Guideline section 4A1.2(d)(2) provides that, for offenses committed before age eighteen, one criminal history point is added "under § 4A1.1(c) for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense not covered in (A)."* Hamilton argues that § 4A1.2(d)(2) is unconstitutional because it automatically treats juvenile adjudications like adult sentences for criminal history purposes, although the juvenile justice system is based on principles and goals that are different from the adult justice system. He further contends that § 4A1.2(d)(2) violates equal protection in that juvenile adjudications are treated differently from military, foreign, or tribal sentences and civil adjudications. He also notes that incarcerations for treatment, such as insanity or mental disability, are not automatically counted for criminal history purposes.

---

*Subsection (A) provides that two criminal history points are added under § 4A1.1(b) for similar sentences of at least 60 days if the defendant was released from confinement within five years of his commencement of the instant offense.

Hamilton has not demonstrated that the district court plainly erred in accepting the criminal history calculation recommended in the pre-sentence report. The sentencing guidelines as a whole have been held to be constitutional, *Mistretta v. United States*, 488 U.S. 361, 412 (1989), and no court has held § 4A1.2(d)(2) to be invalid. That being so, any alleged error was not plain when Hamilton was sentenced.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*